[Cite as *State v. Sims*, 2012-Ohio-3106.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :               C.A. CASE NO.    24763

v.                                               :               T.C. NO.    11CRB3428

BRANDI SIMS                                      :                 (Criminal appeal from
                                                                   Municipal Court)

    Defendant-Appellant                      :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___6th___ day of ___July___, 2012.

. . . . . . . . . .

STEPHANIE COOK, AttY. Reg. No. 0067101, Chief Prosecutor, City of Dayton, 335 W. Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JOSHUA M. KIN, Atty. Reg. No. 0086965, 2700 Kettering Tower, Dayton, Ohio 45423
    Attorney for Defendant-Appellant

BRANDI SIMS, 175 N. Marion Street, Dayton, Ohio 45417
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Appointed counsel for defendant-appellant Brandi Sims submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 2} Sims was originally charged with one count of menacing, in violation of R.C. 2903.22, a misdemeanor of the fourth degree, and one count of telephone harassment, in violation of R.C. 2917.21(A)(5), a misdemeanor of the first degree. After a bench trial held on June 2, 2011, the trial court found Sims guilty of both counts. The trial court ordered her to serve thirty days in jail for the charge of menacing, and 180 days in jail on the charge of telephone harassment with 145 days suspended. The trial court further ordered that the sentences be served concurrently. Lastly, the trial court sentenced Sims to two years of supervised probation.

{¶ 3} Sims filed a timely notice of appeal with this Court on August 2, 2011. On March 27, 2012, appointed counsel representing Sims submitted an *Anders* brief, alleging that no arguably meritorious issues exist for appeal. By magistrate's order of April 2, 2012, we informed Sims that her counsel filed an *Anders* brief and informed her of the significance of an *Anders* brief. We invited Sims to file a pro se brief assigning any error for our review within sixty days of April 2, 2012. Sims has not filed anything with this Court. We also note that the State has not filed a responsive brief.

{¶ 4} Although arguing that there are no meritorious claims to raise on Sims' behalf, her attorney found three potential assignments of error; to wit: (1) whether the trial

court erred when it overruled Sims' objection to the admission of the recorded voicemails; (2) whether the trial court erred when it overruled Sims' Crim. R. 29 motion made at the close of the State's case; and (3) whether the trial court's guilty verdict is against the manifest weight of the evidence. Upon review, we agree with appellate counsel that these potential assignments of error have no arguable merit.

{¶ 5} With respect to the admission or exclusion of evidence, the trial court has broad discretion and its decision in such matters will not be disturbed by a reviewing court absent an abuse of discretion that has caused material prejudice. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88. As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 6} On this record, we conclude that the trial court did not improperly admit the voice recordings of telephone calls to the victim in which Sims participated. The State laid

a proper foundation for the admission of the tapes, and the victim identified one of the two voices on the taped phone conversations as belonging to Sims.

{¶ 7} Appellate counsel also contends the trial court potentially erred when it denied Sims' Crim. R. 29 motion for acquittal made at the close of the State's case. This assignment is essentially an attack on the sufficiency of the evidence, and we will treat it as such. In his final potential assignment, appellate counsel argues that Sims' convictions for menacing and telephone harassment were against the manifest weight of the evidence.

{¶ 8} "A challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." *State v. McKnight*, 107 Ohio St.3d 101,112, 2005-Ohio-6046, 837 N.E.2d 315. "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' (Internal citations omitted). A claim that a jury verdict is against the manifest weight of the evidence involves a different test. 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. (Internal citations omitted).

{¶ 9} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227

N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997).

{¶ 10} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997).

{¶ 11} A review of the record convinces us that the State's evidence, taken in its entirety, was sufficient to sustain Sims' convictions for menacing and telephone harassment. R.C. 2903.22, defines menacing as "knowingly [causing] another to believe that the offender will cause physical harm to the person or property of the other person, ***." R.C. 2917.21(A)(5) provides that "no person shall knowingly make or cause to be made a telecommunication, ***, if the caller *** (5) knowingly makes the communication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises."

{¶ 12} Upon review, it clear that the State adduced sufficient evidence at trial

which established the following: (1) that Sims participated in two harassing voicemails to the victim's telephone; (2) that Sims called the victim numerous times after being told repeatedly not to call anymore; (3) that Sims threatened to come to the victim's house; (4) that Sims had threatened the victim in the past; (4) that Sims did, in fact, drive by the victim's residence after threatening to do so; and (5) that the victim did not feel safe in her house and subsequently left her home to hide from Sims. Accordingly, the trial court did not err when it overruled Sims' Crim. R. 29(A) motion for acquittal made at the close of the State's case as the evidence presented was sufficient to support her convictions.

{¶ 13} Lastly, Sims' conviction is not against the manifest weight of the evidence. The credibility of the witnesses and the weight to be given their testimony were matters for the court to resolve. Although Sims testified at trial on her own behalf, her defense consisted of allegations that the victim was simply lying and out to get her. The trial court did not lose its way simply because it chose to believe the testimony of the victim, the State's only witness, who testified at length regarding Sims' aggressive and hostile behavior towards her. Having reviewed the entire record, we cannot clearly find that the evidence weighs heavily against a conviction, or that a manifest miscarriage of justice has occurred.

{¶ 14} In the performance of our duty, under *Anders v. California,* to conduct an independent review of the record, we have found no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Therefore, the judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Stephanie Cook
Joshua M. Kin
Brandi Sims
Hon. Daniel G. Gehres